UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESUS JARAS,<br><br>              Plaintiff,<br><br>       v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>              Defendants. | Case No. 16-CV-03336-LHK<br><br>**ORDER GRANTING EQUIFAX'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE**<br><br>Re: Dkt. No. 42 |

Before the Court is a motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) filed by Defendant Equifax, Inc. ("Equifax"). ECF No. 42. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the motion hearing set for December 22, 2016, at 1:30 p.m. and the case management conference scheduled for December 21, 2016 at 2:00 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS the motion for judgment on the pleadings with prejudice.

## I.     BACKGROUND

### A. Factual Background

Plaintiff filed for Chapter 13 bankruptcy on May 25, 2011. ECF No. 1 ("Compl.") ¶ 5.

"Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1690 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* at 1690.

Plaintiff's Chapter 13 "plan of financial reorganization" was confirmed on February 15, 2012. Compl. ¶ 6. Following the plan confirmation, on February 10, 2016, Plaintiff ordered a three-bureau credit report from Experian Information Solutions, Inc. Compl. ¶ 6. In the report, Plaintiff allegedly "noticed several tradelines all reporting misleading and inaccurate account information." Compl. ¶ 7. Specifically, Plaintiff alleges that on the credit report, "Defendant Wells Fargo Dealer Services, Inc. ["Wells Fargo"] was reporting Plaintiff's account . . . with a balance in the amount of $223.00, and a past due balance in the amount of $223.00" and that "Defendant CashCall, Inc. ["CashCall"] was reporting Plaintiff's account . . . as in collections, and with monthly payments owed in the amount of $298.00." Compl. ¶¶ 8–9. Plaintiff alleges that these statements were inaccurate because a bankruptcy court had confirmed Plaintiff's Chapter 13 plan, under which Plaintiff would not be obligated to pay either the debt to Wells Fargo or the debt to CashCall. Compl. ¶¶ 8–9.

After reading the credit report, Plaintiff disputed the allegedly inaccurate tradelines with the three credit reporting bureaus: Equifax, Experian Information Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion"). Compl. ¶ 10. According to Plaintiff, "each credit reporting bureau," including Equifax, "sent each Defendant a notification that [P]laintiff was disputing the accuracy of the credit report. Compl. ¶ 11. At some point after "the statutory time period passed" for Defendants to investigate the dispute under the Fair Credit Reporting Act, Plaintiff allegedly pulled a second credit report from Equifax "and noticed that no updates had been made to the tradeline in dispute." Compl. ¶ 13. Plaintiff alleges that Wells Fargo and CashCall failed to conduct a reasonable investigation and continued to report false information to the credit reporting

bureaus and/or that Equifax, along with the other credit reporting bureaus, "failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information." Compl. ¶¶ 12–14.

Plaintiff alleges that by failing to perform a reasonable investigation, Wells Fargo and CashCall violated their obligations as furnishers of credit information under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a).

Plaintiff alleges that by failing to perform a "reasonable reinvestigation," Equifax and Experian violated their obligations as credit reporting agencies under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i.[1] Plaintiff does not allege that Equifax or Experian violated the CCRAA. Compl. ¶¶ 27–35.

### B. Procedural History

On June 15, 2016, Plaintiff filed the instant complaint against Equifax, Experian, and Wells Fargo. ECF No. 1. Plaintiff has not named CashCall as a defendant. On July 7, 2016, Experian answered the complaint. ECF No. 10. On July 14, 2016, Equifax answered the complaint. ECF No. 17. On September 19, 2016, the Court granted a stipulation of dismissal as to Wells Fargo with prejudice. ECF No. 35.

On November 15, 2016, Equifax filed the instant motion for judgment on the pleadings. ECF No. 42 ("Mot."). On November 29, 2016, Plaintiff filed an opposition to the motion. ECF No. 44 ("Opp."). On December 6, 2016, Equifax filed a reply. ECF No. 48 ("Reply").

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6).

---

[1] As Equifax points out in its motion, Plaintiff's complaint did not specifically identify the subsection of 15 U.S.C. § 1681 that applied to Equifax. Mot. at 10–11; Compl. ¶¶ 20–21. The Court need not address whether this deficiency justifies granting Equifax's motion because the Court finds that Equifax's motion is justified on other grounds.

3
Case No. 16-CV-03336-LHK
ORDER GRANTING EQUIFAX'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE

*See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In considering whether the complaint is sufficient, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings pursuant to Rule 12(c) should grant leave to amend even if no request for leave to amend has been made, unless it is clear that amendment would be futile. *Pac. W. Grp., Inc. v. Real Time Solutions, Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008) (mem.). If a plaintiff's claim is barred "as a matter of law," then amendment is futile and the Court should not grant leave to amend. *Id.*

### III.   DISCUSSION

Plaintiff asserts only a FCRA claim against Equifax. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To ensure that credit reports are accurate, the FCRA requires credit reporting agencies to conduct a reasonable "reinvestigation" of reported credit information if a consumer disputes the contents of the report. 15 U.S.C. § 1681i(a); *see also Thomas v. TransUnion, LLC.*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002) (discussing the reinvestigation requirements for credit reporting agencies under the FCRA). Specifically, within 30 days of receiving a notice from a consumer dispute, a credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). Additionally, a credit reporting agency is required to "provide notification of the dispute to any person who provided any item of information in dispute" so that the furnisher may conduct its own investigation as required by § 1681s-2(b). *See* § 1681i(a)(2)(A). The FCRA

creates a private right of action for willful or negligent noncompliance with its provisions. *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n, o).

In the instant case, Plaintiff alleges that Equifax is a credit reporting agency and that Equifax received a dispute from Plaintiff regarding the contents of Plaintiff's credit report.[2] Plaintiff also alleges that although Equifax properly "provide[d] notification" to the furnishers of the disputed information,[3] Equifax did not conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate." Compl. ¶¶ 11, 14. Plaintiff claims that Equifax violated the FCRA by "fail[ing] to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all." Compl. ¶ 4.

First, although Equifax does not raise the issue, the Court notes that Plaintiff's complaint fails to allege that Equifax acted either willfully or negligently, as required for Plaintiff to have a private right of action under the FCRA. *See Gorman*, 584 F.3d at 1154; 15 U.S.C. §§ 1681n, o. Because Plaintiff fails to allege that Equifax violated the FCRA willfully or negligently, judgment on the pleadings should be granted. *See id.*; *see also Thompson v. Bank of Am., N.A.*, 2015 WL 355707, at *2 (N.D. Cal. Jan. 27, 2015) (dismissing FCRA claim when plaintiff alleged the defendant acted "knowingly and willfully" without providing any factual basis for the allegation).

Even aside from Plaintiff's failure to plead willfulness or negligence, the Court finds that there is an independent reason that justifies granting Equifax's motion for judgment on the pleadings. Specifically, the Court agrees with Equifax's argument that as a matter of law, it is not

---

[2] In a footnote in Equifax's motion, Equifax states that it is not a "consumer reporting agency" ("CRA") as that term is defined in the FCRA. Mot. at 7 n.1. The Court need not reach this issue because the Court grants Equifax's motion on other grounds.

[3] Plaintiff also alleges, apparently in the alternative, that Equifax and the other credit reporting agencies "were required to send all relevant information to the furnishers which they did not do." Compl. ¶ 21. The complaint does not specify which relevant information Equifax allegedly failed to send, nor does the complaint explain how this allegation is consistent with the prior allegation that Equifax notified furnishers of the dispute. However, even if Equifax did not send relevant information to the furnishers, Plaintiff can have no claim against Equifax under the FCRA unless there was an "actual inaccuracy" in Plaintiff's credit report. *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Thus, because, as discussed below, the Court finds that there was no actual inaccuracy in Plaintiff's credit report, the Court need not address Plaintiff's claim that Equifax failed to send relevant information to furnishers.

misleading or inaccurate to report delinquent debts during the pendency of a bankruptcy proceeding prior to the discharge of the debts. The Court has already addressed this question in the context of a claim against a furnisher of information. In *Blakeney v. Experian Info. Sols., Inc.*, 2016 WL 4270244 (N.D. Cal. Aug. 15, 2016), the Court held that although reporting delinquent payments may be misleading if the debts have been discharged in bankruptcy, "it is not misleading or inaccurate to report delinquent debts that have *not* been discharged." *Id.* at *5. Other courts in this district have consistently reached the same conclusion. *See Mortimer v. JP Morgan Chase Bank, N.A.*, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012) ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."); *Mortimer v. Bank of Am., N.A.*, 2013 WL 1501452, at *4 (N.D. Cal. Apr. 10, 2013) (finding that reporting delinquencies during the pendency of bankruptcy is not misleading so long as the creditor reports that the account was discharged through bankruptcy and the outstanding balance is zero); *Giovanni v. Bank of America, N.A.*, 2013 WL 1663335, at *6 (N.D. Cal. April 17, 2013) (holding that it was not misleading or inaccurate for a furnisher to report overdue payments on debtor's account during pendency of Chapter 7 bankruptcy petition but prior to discharge); *Giovanni v. Bank of America, N.A.*, 2012 WL 6599681, at *6 (N.D. Cal. Dec. 18, 2012) (same); *Harrold v. Experian Info. Sols., Inc.*, 2012 WL 4097708, at *4 (N.D. Cal. Sept. 17, 2012) ("[R]eports of delinquencies in payment while bankruptcy proceeding are still ongoing is not 'incomplete or inaccurate' information.").

Plaintiff argues that these cases were wrongly decided because a Chapter 13 "confirmation order constitutes a binding final judgment fixing the rights and liabilities of the parties," and thus under the principle of *res judicata* a credit report is not accurate unless it reflects the terms of the Chapter 13 plan. Opp. at 6. However, even if a confirmation order constitutes a final judgment, it constitutes a final judgment only as to "the manner in which the debtor will discharge his financial obligations," not the legal validity of the debt. *Elliott v. ITT Corp.*, 150 B.R. 36, 39 (N.D. Ill. 1992) ("[U]nderlying debts are not 'confirmed' in a Chapter 13 plan."); *see also Mestayer v. Experian Info. Sols., Inc.*, 2016 WL 631980, at *3 (N.D. Cal. Feb. 17, 2016) ("[T]he mere fact of bankruptcy

6
Case No. 16-CV-03336-LHK
ORDER GRANTING EQUIFAX'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE

proceedings does not impact the validity of a debt, only its potential enforceability."). As discussed at length in *Blakeney* and other cases, the legal status of a debt does not change until the debtor is discharged from bankruptcy, and discharge is conditioned on the bankruptcy petitioner making payments under the plan. 11 U.S.C. § 1328; *Blakeney*, 2016 WL 4270244, at *6 ("Plaintiff is not entitled to receive a discharge of debts covered under Plaintiff's Chapter 13 bankruptcy plan until Plaintiff has completed all payments provided for under the Chapter 13 bankruptcy plan."). If a debtor fails to comply with the Chapter 13 plan, the debtor's bankruptcy petition may be dismissed and the debtor will then owe the entirety of the debt. 11 U.S.C. § 1307(c)(6); *see also Elliott*, 150 B.R. at 40 ("[E]ven if a confirmed Chapter 13 plan did bar challenges to the underlying claims, *res judicata* would not apply where the confirmed plan had been dismissed."). Thus, the Court finds that Plaintiff's arguments based on *res judicata* are unavailing because a confirmation order does not constitute a final determination of the amount of the debt.

As in *Blakeney*, in the instant case, at the time that Plaintiff disputed his credit report, Plaintiff's bankruptcy had been confirmed but Plaintiff's debts had not been discharged. Therefore, when Plaintiff disputed his credit report and Experian conducted a reinvestigation, the information on the report stating that Plaintiff owed $223 to Wells Fargo and $298 to CashCall was accurate because those debts had not yet been discharged. The Ninth Circuit has held that in order to state a claim against a credit reporting agency under § 1681i, a plaintiff must identify an actual inaccuracy in the credit report. *See Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). Therefore, because Plaintiff has failed to establish that an actual inaccuracy existed on his credit report, as a matter of law Plaintiff has failed to state a claim against Equifax under § 1681i.

The Court therefore GRANTS Equifax's motion for judgment on the pleadings. The Court does so with prejudice because the Court finds that plaintiff's claim is barred as a matter of law. *Pac. W. Grp., Inc.*, 321 F. App'x at 569. As discussed above, as a matter of law it is not inaccurate

or misleading to report a delinquent debt during the pendency of a bankruptcy but before the debt is discharged. In the instant case, Plaintiff states in his opposition to Equifax's motion that Plaintiff received a discharge of his debts on April 13, 2016. Based on the allegations in the complaint, it is clear that Plaintiff disputed the contents of the credit report before the April 13, 2016 discharge. Compl. ¶¶ 6–15 (alleging that Plaintiff ordered a three bureau report on May 2, 2016 after the 30-day statutory period elapsed following Plaintiff's dispute, establishing that Plaintiff could not have lodged his dispute before April 2, 2016).  Thus, at the time Plaintiff lodged his dispute, Plaintiff's credit report was accurate. Therefore, because Plaintiff "cannot make a prima facie case of inaccurate reporting," the Court finds that "amendment . . . would be futile." *Carvalho*, 629 F.3d at 892.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Equifax's motion for judgment on the pleadings with prejudice.

**IT IS SO ORDERED.**

Dated: December 19, 2016

_____
LUCY H. KOH
United States District Judge

8
Case No. 16-CV-03336-LHK
ORDER GRANTING EQUIFAX'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH PREJUDICE